United States District Court
Southern District of Texas

**ENTERED**

March 31, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| AJE-ORI AGBESE,<br>MINHEE EOM, and<br>WAN-LIN CHANG,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF TEXAS RIO GRANDE VALLEY,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 7:25-CV-00239 |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Aje-Ori Agbese, Minhee Eom, and Wan-Lin Chang are professors at the University of Texas Rio Grande Valley ("UTRGV").  They allege that they were discriminated against when they were denied promotion and tenure.  According to them, UTRGV's focus on becoming a "B3 institution" that aimed to promote Spanish bilingualism, biculturalism, and biliteracy disadvantaged them in the application process because of their ethnic and racial backgrounds and because they do not speak Spanish. They also claim that they were discriminated against based on their sex because women were disproportionately denied promotion and tenure in the application period in which they applied.

Pending before the Court is Defendant UTRGV's Motion to Dismiss.  (Dkt. No. 9). For the following reasons, the Court **GRANTS** the Motion and **DISMISSES** Plaintiffs' Title VII discrimination claims **without prejudice**.

## I.    BACKGROUND[1]

Plaintiffs Aje-Ori Agbese, Minhee Eom, and Wan-Lin Chang are professors at UTRGV.  (Dkt. No. 1 at 2).  Plaintiff Agbese, a Nigerian-born woman, was hired in 2006 and is currently an Associate Professor of Communications in the College of Arts and Humanities.  (*Id.* at 4–5).  She has received numerous awards during her time at UTRGV and has published over 14 books, book chapters, and articles in addition to mentoring students and serving on shared governance committees.  (*Id.*).  Plaintiff Eom is a Korean-born woman that has also been employed at UTRGV since 2006.  (*Id.* at 11).  She currently serves as an Associate Professor of Writing and Language Studies in the College of Liberal Arts.  (*Id.*).  Plaintiff Chang is a Taiwanese woman employed by UTRGV as an Assistant Professor of Communication Studies.  (*Id.* at 14).

Beginning in 2023, all three women applied for promotions at the University.  (*Id.* at 2).  Agbese and Eom applied for promotions to Full Professor and Chang applied for tenure and promotion to Associate Professor.  (*Id.*).  Throughout the application process, Plaintiffs received high marks from the UTRGV committees that oversaw hiring.  Plaintiff Agbese was told that she "exceeds expectations" in all areas, that she had a "fine record as a teacher," and that "her record demonstrates that she is well above the minimum quantity of publications necessary" for promotion.  (*Id.* at 5–6).  She also received unanimous recommendations for promotion from the Department, College, and

---

[1]    The Court accepts all factual allegations in the Complaint, (Dkt. No. 1), as true and views them in the light most favorable to the nonmovant, *see White v. U.S. Corrs., LLC*, 996 F.3d 302, 306–07 (5th Cir. 2021).

University Committees. (*Id.*). Plaintiff Eom, like Agbese, received "glowing reviews at every step of the review process" and was told that she "exceeded expectations." (*Id.* at 11). Similarly, Plaintiff Chang was told that she "exceeded expectations" and was unanimously recommended during the review process. (*Id.* at 14).

The review process next required Provost Zayas to approve Plaintiffs' applications. (*Id.* at 7). In each case, despite the glowing reviews Plaintiffs received throughout the process, Provost Zayas denied their applications for promotion and tenure. (*Id.* at 7, 11–12, 14). His stated reasons for denying Agbese's application were that she was not adequately "contributing to the university's aspiration to R1 classification," did not have a "robust record of scholarship"—despite meeting the University's guidelines for minimum publications—and had misrepresented her involvement in a United States Department of Education grant. (*Id.* at 7–8). Plaintiffs Eom and Chang had their applications denied for similar reasons; Zayas allegedly used "vague generalizations devoid of any specific critique or explanation as to alleged deficiencies" in Plaintiffs' work and ignored established departmental criteria used to evaluate applications for promotion. (*Id.* at 11–12, 14). Plaintiffs' grievances and appeals of Provost Zayas's decisions were rejected or ignored by Zayas and the University's President, Guy Bailey. (*Id.* at 8–9, 12, 14). Provost Zayas's decisions were therefore made final. (*Id.* at 8–9, 12).

Plaintiffs believe that Provost Zayas's reasons for denying their applications were a pretext for discrimination. To support this, they assert that UTRGV aimed to transform itself into a bilingual institution where faculty would teach courses or portions of courses

in Spanish. (*Id.* at 3). Specifically, they point to a speech given by Provost Zayas in February 2024 in which he stated that his goal was for UTRGV to "become an authentically bilingual, bicultural and biliterate institution. Our students, faculty and staff can learn and teach in both Spanish and English." (*Id.*). This vision was allegedly put into practice when UTRGV announced that it was authorizing two new tenure-track lines for an undergraduate program in Spanish Language Media/Journalism/Mass Communication. (*Id.*). Because Plaintiffs are not Hispanic and do not speak Spanish, they assert that they are at a disadvantage for promotion and advancement. (*Id.* at 3–4). Likewise, they claim that their status as women also disadvantage them because "[m]ost of the faculty denied tenure/promotion at UTRGV during the 2023–2024 academic year were women." (*Id.* at 4).

Plaintiffs filed the instant lawsuit alleging race, national origin, ethnicity, color, and sex discrimination under Title VII of the 1964 Civil Rights Act on May 20, 2025. On August 18, 2025, UTRGV filed a Motion to Dismiss. (Dkt. No. 9). Plaintiffs responded, (Dkt. No. 11), and UTRGV replied, (Dkt. No. 12).

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than . . . 'labels and conclusions . . . .'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965). "The defendant, as the moving party, bears the burden of proving that no legally cognizable claim for relief exists." *Flores v. Morehead Dotts Rybak, Inc.*, No. 2:21-CV-00265, 2022 WL 4740076, at *2 (S.D. Tex. Sept. 29, 2022) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.)).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true and view those allegations in the light most favorable to the plaintiff. *White v. U.S. Corrs., LLC*, 996 F.3d 302, 306–07 (5th Cir. 2021). The court must evaluate whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "Dismissal . . . is appropriate where the plaintiff fails to allege 'enough facts to state a claim to relief that is

5

plausible on its face' and thus does not 'raise a right to relief above the speculative level.'"

*Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting

*Twombly*, 550 U.S. at 555, 570, 127 S.Ct. at 1965, 1974).

## III.    DISCUSSION

UTRGV challenges Plaintiffs' Title VII discrimination claims and argues that

Plaintiffs fail to meet their burden to establish a prima facie case of discrimination under

the *McDonnell Douglas* burden-shifting paradigm. *See McDonnell Douglas Corp. v. Green,*

411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); (Dkt. No. 9 at 5–10).[2]  Specifically,

UTRGV disputes that Plaintiffs successfully plead the fourth prong: that they were

treated less favorably than others outside of their protected classes who were similarly

situated to them.  (*Id.* at 5–6).   UTRGV argues that Plaintiffs fail to point to any

comparators who were treated more favorably in the same promotion or tenure cycle.

(*Id.*).  Further, UTRGV argues that even if Plaintiffs did plead a prima facie case, their

Complaint still fails under the *McDonnell Douglas* standard because their Complaint fails

to rebut UTRGV's nondiscriminatory justification for the denial of promotion and tenure.

(*Id.* at 6–10).  Without facts to support a reasonable inference that Provost Zayas denied

promotion or tenure to Plaintiffs because of their race, national origin, sex, or inability to

---

[2]    *See also Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017).  Under the *McDonnell Douglas* test, a plaintiff must first make a prima facie showing of employment discrimination by demonstrating that she: (1) is a member of a protected class; (2) was qualified for the position that she held; (3) was subject to an adverse employment action; and (4) was treated less favorably than others similarly situated outside her protected class.  *Id.*  Once the employee makes a prima facie case, the burden "shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action." *Id.*  If the employer can articulate such a reason, the burden shifts back to the employee to demonstrate that the employer's proffered reason is just a "pretext for discrimination." *Id.*

speak Spanish, UTRGV asserts that Plaintiffs fail to plead that Provost Zayas's facially neutral explanations were pretextual.  (*Id.*).  Plaintiffs respond that the *McDonnell Douglas* framework is inappropriate at the motion-to-dismiss stage and that they have met their burden under the correct standard by pleading that they were denied promotion and tenure due to discrimination by Provost Zayas.  (Dkt. No. 11 at 4–6).  Further, they assert that they have pled more than conclusory facts to support an inference of discrimination.  (*Id.* at 6–8).

The Court agrees with Plaintiffs that UTRGV places too high a burden on them.  "At the Rule 12(b)(6) stage, [a court's] analysis of [a] Title VII claim is governed by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) — and not the evidentiary standard set forth in *McDonnell Douglas Corp. v. Green . . . .*"  *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 599 (5th Cir. 2021).  Under *Swierkiewicz*, "there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff *because of* her protected status."[3]  *Id.* (internal quotations omitted) (emphasis in original).

Despite this lowered standard, however, Plaintiffs still fail to meet their burden.  Their Complaint does allege that they suffered adverse employment actions — the denials of their promotions and tenure requests — but it does not allege sufficient facts to draw

---

[3]   "Disparate-treatment discrimination addresses employment actions that treat an employee worse than others based on the employee's race, color, religion, sex, or national origin.  In such disparate-treatment cases, proof and finding of discriminatory motive is required."  *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (internal quotations and citation omitted).

an inference of discrimination based on their race, national origin, ethnicity, color, or sex. The allegation that Provost Zayas made public comments that he hoped UTRGV would become bilingual and bicultural by embracing Spanish language and culture, while more than mere conclusory allegations, is insufficient for the Court to draw the inference that Plaintiffs suffered discrimination.  It does not automatically follow that, by promoting inclusion of Spanish speakers, Provost Zayas and UTRGV intended to discriminate against those that speak other languages or belong to other cultures (or that they actually did so for that matter).  Plaintiffs do not sufficiently plead, for example, how Provost Zayas's focus on being a B3 institution led to them being denied promotion and tenure, nor do they plead any facts demonstrating a possibility that they were treated less favorably because of their protected characteristics.[4]  The Complaint bases its conclusion of discrimination on nothing more than Provost Zayas's comments and Plaintiffs' own beliefs that their promotions were denied due to discrimination.[5]  Those allegations, standing alone, do not state a claim upon which relief can be granted.

---

[4]     While Plaintiffs do plead that UTRGV "preferentially hir[ed] faculty who speak Spanish, and den[ied] advancement to faculty, including Plaintiffs, who cannot," (Dkt. No. 1 at 3), this, standing alone, is nothing more than a "mere conclusory statement[]" that is inadequate at the Rule 12(b)(6) stage, *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

[5]     Plaintiffs' Complaint also alleges that UTRGV, through Provost Zayas, authorized two new tenure-track lines for the creation of an undergraduate program in Spanish Language Media/Journalism/Mass Communication. (Dkt. No. 1 at 4–5).  This allegation does nothing to help Plaintiffs, however, as the Complaint acknowledges that the approval of these new lines "did not mean they could not get other lines, including one for which the department had actually prepared." (*Id.*).

Plaintiffs' allegations of sex discrimination likewise fail.  The Complaint alleges that "[m]ost of the faculty denied tenure/promotion at UTRGV during the 2023–2024 academic year were women, underscoring a stark gender disparity in opportunities for advancement at UTRGV." (Dkt. No. 1 at 4).  The mere fact that more women were denied tenure is not enough to prove a "stark gender disparity" as Plaintiffs claim.  The allegations do not state how many men applied for tenure, what percentage of the faculty at the time were male, or whether those that were denied tenure came from programs that lacked sufficient space or funding.  Without these facts—or other similar allegations—one can draw few, if any, inferences from Plaintiffs' statement.  Because that statement is the sole basis for Plaintiffs' sex-discrimination claims—aside from their own beliefs that they were discriminated against—they have failed to meet their burden under Rule 12(b)(6).

## IV.    CONCLUSION

For the foregoing reasons, UTRGV's Motion to Dismiss, (Dkt. No. 9), is **GRANTED**.  Plaintiffs' Title VII discrimination claims are **DISMISSED without prejudice**.

Plaintiffs may file an Amended Complaint no later than April 17, 2026, addressing the issues raised in this Memorandum Opinion and Order.  No additional 12(b)(6) motions will be considered.  Defendants may file a summary judgment motion, if appropriate, after the Parties have had the opportunity to engage in discovery.

It is SO ORDERED.

Signed on March 30, 2026.

_____

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

10